[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SYNTHETIC PRODUCTS COMPANY MOTION TO STRIKE
The Synthetic Products Company (Synpro) is another defendant in a suit brought by the plaintiffs against Synpro, Chemical Leaman and various individual defendant who are employees of the two defendant corporations.
The suit arises out of the following allegations: a fire and explosion occurred on the Chemical Leaman facility. This event dispersed various toxic materials which in part came to rest on the Rose Orchard which is adjacent to the Chemical Leaman facility. The day after the explosion the plaintiff mother went on to the Rose Orchard property. The plaintiff was at the time pregnant. She claims as a result of her contact with these contaminants her child was born with severe medical problems requiring treatment and operations.
The Synpro defendants (the corporation and individual employees of the corporation) are alleged to be responsible for the design, manufacture and production of the chemical products involved in the explosion. The Chemical Leaman defendants are alleged to be responsible for the storage and transport of these chemicals.
Both sets of defendants have filed motions to strike. I have prepared and filed a memorandum of decision on the Chemical Leaman motion to strike.
The Synpro motion to strike is aimed at the Eighth Count (CUTPA claim) and counts Thirteen through Eighteen alleging negligence and negligent infliction of emotional distress against various Synpro employees. The standards to be applied on a motion to strike have been stated often. The complaint's allegations must be given that interpretation that is most favorable to the nonmoving party, Amodio v. Cunningham, 180 Conn. 82 (1980) but on the other hand a motion to strike cannot be opposed by conclusory allegations. Sufficient facts must be alleged to support the legal sufficiency of the complaint.
1.
The Synpro motion to strike is first aimed at the CUTPA count CT Page 4109-LLL (Count Eight). Three grounds to the motion are set forth (1) The CUTPA claim is preempted by the Product Liability Act (2) the CUTPA claim will not lie because the plaintiffs have failed to plead any loss of property or money (3) the plaintiffs have failed to plead the CUTPA claim with the necessary particularity.
Rather than address the first two issues raised by Synpro I will deal with the third claim. For the reasons stated in the decision in the Chemical Leaman motion to strike I do not believe there is an appropriate basis to make a CUTPA claim in the first place. The plaintiffs did not relate to either corporation or the individual defendants as competitors or consumers at the time the injury was suffered. When the Federal Trade Commission Act was passed in 1914 which is the model for our unfair trade practices act, the aim of Congress was to sanitize the market place from unfair methods of competition. It was thought that the best way to go about this was to penalize competitors who had engaged in unfair competition. In 1938 it was felt that the original aim of the act was ultimately to protect consumers so a more direct way of achieving that goal would be also to create a remedy against businesses who engaged in uncertain, unfair practices as regards consumers. The goal remained the same, however, advantage in the market place was not to be given to businesses that used unfair, deceptive, or unethical practices. This would harm competitors unfairly and not permit consumers to achieve what were thought to be the beneficent results of a free market. Our act in §42-110b(b) explicitly refers to section 5(a)(1) of the Clayton Act (15 U.S.C. § 45(a)(1)) as a model for the purposes of our statute. The point of the Federal Act and thus of our act is that to avail oneself of the protections they were meant to afford you have to be in the market place either as a competitor against or consumer of the business which you claim engaged in unfair competition or deceptive, immoral and unethical business practices all of which are enshrined in the so-called "cigarette rule". I interpret the third ground advanced for striking this CUTPA claim as at least in part allowing the court to rule that given the factual allegations of this complaint the plaintiffs were neither competitors of Synpro nor consumers of its product. Therefore CUTPA does not apply and it would be pointless to discuss whether CUTPA and product liability claims can be brought in the same suit-or whether a loss of — property or money need be alleged for a CUTPA claim to be viable.
The Eighth Count is stricken as are the requests for relief under CUTPA. CT Page 4109-MMM
2.
The individual Synpro employees also ask that the common law claims against them of negligence and negligent infliction of emotional distress also be stricken. I will deal with the various grounds advanced for the motion to strike but not in the order presented by the defendants.
(a)
For the reasons stated in the Chemical Leaman decision I dot not accept the defendants' contention that "active" participation by individual corporate employees must be alleged in order that a tort claim may be lodged against such employees. There is a split of authority on this issue among the state courts as indicated in my decision on Chemical Leaman. I believe the misfeasance, malfeasance, nonfeasance method is an unproductive way to determine whether liability should be imposed in these cases and nothing in Scribner v. O'Brien, 169 Conn. 389 (1975) dictates that such a mechanism be applied. I will not grant the motion to strike on this ground.
(b)
I agree at this point with Chemical Leaman and Synpro that counts fourteen, sixteen, and eighteen actually attempt to assert claims for bystander recovery. For the reasons stated in the Chemical Leaman decision I do believe that there is a cause of action for bystander recovery in our state — in any event we're soon to find out because the issue was recently argued before the State Supreme Court. However, as noted in the companion decision I have reservations as to whether the factual allegations made here would support a claim for bystander recovery. In light of my characterization of the negligent infliction of emotional distress claims as really bystander recovery claims and my ruling on these common law claims I do not believe it is necessary for me to address the further Synpro argument that the factual allegations made do not establish that these defendants owed a legal duty to the plaintiffs and thus a claim for negligent infliction of emotional distress will not lie.
(c) CT Page 4109-NNN
The Synpro defendants also argue that the common law claims against them as individuals should be stricken because Count Seven asserts a claim under our Products Liability Act, Sec.52-572(m) et seq. The factual allegations on the common law claims appear to be to be the equivalent of product liability claim(s) as defined in subsection(b) of § 52-572(m). Similar factual allegations as to wrongful activity are made as a basis for these claims and the product liability claim against Synpro and also there is a similar claim for damages.
The Synpro individual defendants argue that our products liability act precludes the pleading of such common law claims against them. Section 52-572 (n) states that:
 . . . " a products liability claim . . . . shall be in lieu of all-other claims against product sellers, including actions in negligence, strict liability and warranty for harm caused by a product."
The factual allegations here do not suggest these individual corporate employee defendants were doing anything more than exercising their job responsibilities in doing or failing to do those acts which the plaintiffs claim caused them injury. There is no claim these defendants were acting ultra vires or were anything other than agents of the corporation at the time of the tortious acts or failures to act. In fact corporations obviously can only act through their agents and the products liability claim against the corporation rests on allegations concerning the acts or failures to act of corporate agents.
If common law claims were allowed against corporate employees encompassing allegations of the same wrongful conduct and the same claims for relief which could be procured against the corporation on a products liability claim, the exclusivity provision of the act would be defeated. An agent in these circumstances would in all likelihood have an indemnity claim against his or her principal, the corporation, Restatement 2d Agency §§ 438, 39 — so much for the benefits sought to be achieved by exclusivity.
Thus, there is merit to the defendants' position that it would thwart the legislative intent if plaintiffs were allowed to plead common law claims against corporate employees while also asserting a product liability against the corporation. CT Page 4109-OOO
The plaintiffs argue that Buckert v. Petrol Plus of NaugatuckInc., 216 Conn. 65, 72-73 (1990) recognized that plaintiffs may pursue common law claims outside the product liability act if they are not "product sellers" as defined by the act, §52-572 (m)(a). Therefore if I were to find the individual defendants were not "product sellers" the plaintiffs argues that they can bring claims under the common law. If I were to conclude they are "product sellers" then the "plaintiffs will simply amend their complaint to allege their claims against these defendants under the act" (p. 28, of brief). The paradigm set up by the plaintiffs is not helpful because it is so self-contained. In other words it leaves out of the analysis a critical element — what was sought to be achieved by and what should the effect be of the exclusivity provision of the products liability act. In other words no matter what rights at common law and under other statutes plaintiffs may have to sue corporate employees it would seem to me the exclusivity provision of the products liability act should bar suits against individual corporate employees under the products liability act. In any event I will strike the common law claims against the individual employees based on the present state of the pleadings.
Thomas Corradino, Judge